UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

JESSE JAMES CASTON                           CIVIL ACTION NO. 3:14-cv-0885
     LA. DOC #101028
VS.                                          SECTION P

                                             JUDGE ROBERT G. JAMES

WARDEN JERRY GOODWIN                          MAGISTRATE JUDGE KAREN L. HAYES

REPORT AND RECOMMENDATION

*Pro se* petitioner Jesse James Caston, an inmate in the custody of Louisiana's Department

of Corrections, filed the instant petition for *habeas corpus* pursuant to 28 U.S.C. §2254 on April

25, 2014.  Petitioner attacks his 2004 conviction for second degree murder and the life sentence

imposed by the Sixth Judicial District Court, Madison Parish on the grounds that he was denied

effective assistance of trial counsel; and, he also claims that he was denied effective assistance of

post-conviction counsel during the collateral attack of the 2004 conviction in the Louisiana

courts.

This matter has been referred to the undersigned for review, report, and recommendation

in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the

following reasons it is recommended that the petition – to the extent that it seeks to collaterally

attack and "relitigate"petitioner's 2004 conviction and sentence on grounds of ineffective

assistance of trial counsel  – be deemed second and successive and that it be **DISMISSED**

because petitioner failed to obtain permission to file his petition from the Fifth Circuit Court of

Appeals as required by 28 U.S.C. §2244(b); and, to the extent that petitioner claims that he was

denied effective assistance of counsel during the state post-conviction proceedings, it is

recommended that the petition be **DISMISSED WITH** an **PREJUDICE** for failing to State a claim for which relief may be granted.

### *Background*

In 2001 the East Carroll Parish Grand Jury indicted petitioner on charges of first degree murder, second degree murder, possession of a firearm by a convicted felon and multiple counts of attempted first degree murder on police officers.  In May 2003 venue was transferred to Madison Parish and the case was assigned Docket Number 108,550 of that Court.  On August 16, 2004, petitioner entered a guilty plea to one count of second degree murder reserving his right to appeal the denial of the motion to suppress. On the same date he was sentenced to life imprisonment.  He appealed in accordance with the plea agreement and on September 28, 2005, the Second Circuit affirmed his conviction. *State of Louisiana v. Jesse James Caston*, 40,054 (La. App. 2 Cir. 9/28/2005), 912 So.2d 413.  Petitioner did not seek further direct review in the Louisiana Supreme Court.

On September 26, 2006, he filed an application for post-conviction relief in the Sixth Judicial District Court. On April 17, 2007, the District Court summarily denied relief.  Thereafter he filed an application for writs in the Second Circuit Court of Appeals. His application was ultimately denied. *State of Louisiana v. Jesse James Caston*, No. 42651-KH (La. App. 2 Cir. 7/9/2007).  On May 30, 2008, his writ application was denied by the Louisiana Supreme Court. *State of Louisiana ex rel. Jesse James Caston v. State of Louisiana*, 2007-1764 (La. 5/30/2008), 983 So.2d 892.  On June 5, 2009, reconsideration was denied. *Jesse James Caston v. State of Louisiana*, 2007-1764 (La. 6/5/2009), 9 So.3d 863.

On June 23, 2008, petitioner filed a petition for *habeas corpus* pursuant to 28 U.S.C.

§2254 in this Court, raising the following claims for relief: (1) "Petitioner did not voluntarily nor intelligently waive his rights and enter a plea of guilty where same was obtained via coercion by State actors, and but for such tactic petitioner would not have plead guilty. The plea was entered in violation of petitioner's rights under the 5th, 6th, and 14th Amendments..." and, (2) "Petitioner did not voluntarily nor intelligently enter his plea of guilty which was obtained due to ineffective assistance of counsel in violation of petitioner's rights under the 6th and 14th Amendments." *Jesse James Caston v. Burl Cain*, No. 3:09-cv-1119 at Doc. 1.  On January 4, 2011 the Court addressed the merits of petitioner's claims[1], denied and dismissed the petition with prejudice, and denied a motion for Certificate of Appealability (COA). *Id.*, at Docs. 32, 33, 34.  On May 25, 2011, the United States Fifth Circuit Court of Appeals likewise denied a COA. *Caston v. Cain*, No. 11-30063.

On March 14, 2103, petitioner filed a second application for post-conviction relief in the Sixth Judicial District Court. Therein he once again argued ineffective assistance of counsel, noting, "Petitioner filed his initial ineffective assistance of counsel claim in his first post conviction relief. Petitioner respectfully adopts all laws, statements of facts, and arguments therein and ask [sic] for reconsideration of his claim after a hearing with effective assistance of counsel." [Doc. 1-2, pp. 1- 15] On April 9, 2013, the District Court denied relief on the grounds that the petition was repetitive and time-barred under Louisiana law. [Doc. 1-2, p. 16] On July 18, 2013, the Second Circuit Court of Appeals, citing La. C.Cr.P. art. 930.8, denied writs finding

---

[1] In denying relief, the Court observed, "Caston's Petition is limited to two claims: (1) whether his Fifth, Sixth, and Fourteenth Amendment rights were violated because he was allegedly coerced by state actors into entering a guilty plea and (2) whether his Sixth and Fourteenth Amendment rights were violated because he entered a guilty plea as a result of allegedly ineffective assistance of counsel." [Doc. 32]

the application to be time-barred. *State v. Caston*, No. 48,566-KH at Doc. 1-2, p. 28. On March

21, 2014, the Louisiana Supreme Court also denied writs citing art. 930.8 and thus concluding

that his application was time-barred. *State of Louisiana ex rel. Jesse James Caston v. State of*

*Louisiana*, 2013-1984 (La. 3/21/2014).

Petitioner filed the instant petition for *habeas corpus* on April 25, 2014.  The single

ground for relief stated in his petition reads as follows: "Petitioner was denied effective

assistance of counsel during his initial post conviction relief application." [See Doc. 1, §5(a)]

However, in his memorandum he frames the claim as follows, "Petitioner filed his initial

Application for Post Conviction Relief and a claim of ineffective assistance of counsel. Petitioner

respectfully adopts all laws, statements of facts, and arguments therein and ask [sic] for

reconsideration of this claim after a hearing with effective assistance of counsel." (Emphasis

supplied) Elsewhere in the memorandum he alleged, "In light that Petitioner did this claim in an

earlier Application for Post-Conviction Relief without the appointment of counsel or an

Evidentiary Hearing, the standings provisions under La. C.Cr.P. art. 930.4, demand it be

relitigated 'in the interest of justice' with the aid of counsel and an evidentiary hearing." [Doc. 1-

1(Emphasis in original)]

In other words, it appears that in his petition he seeks *habeas corpus* relief based upon a

claim of ineffective assistance of post-conviction counsel, while a careful reading of the

memorandum establishes that he attacks the same August 16, 2004, conviction that was the

subject of his prior *habeas* petition, arguing a single claim of ineffective assistance of trial

counsel.  He cites recent United States Supreme Court jurisprudence[2] to support his argument that he is entitled to have competent post-conviction counsel appointed to relitigate his claim of ineffective assistance of trial counsel. [Doc. 1, Doc. 1-2]

### Law and Analysis

### 1. Ineffective Assistance of Post-Conviction Counsel

To the extent that petitioner asserts a claim of ineffective assistance of post-conviction counsel, he fails to state a claim for which relief may be granted. Title 28 U.S.C. §2254(i) provides, "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." See also *Martinez v. Ryan*, — U.S. — , 132 S.Ct. 1309 at 1320, "... while § 2254(i) precludes Martinez from relying on the ineffectiveness of his postconviction attorney as a 'ground for relief,' it does not stop Martinez from using it to establish 'cause.'"

### 2. Ineffective Assistance of Trial-Counsel

To the extent that petitioner seeks to relitigate his claim of ineffective assistance of trial counsel, this Court lacks jurisdiction to consider such a claim since it is successive. Title 28 U.S.C. §2244(b)(3)(A) provides, "Before a second or successive application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."   As shown above, this is the second petition for *habeas corpus* filed by this petitioner.  To the extent that it raises a claim of ineffective assistance of trial counsel, it attacks the same convictions and sentences which were the subject of his prior

---

[2] See  *Martinez v. Ryan,* — U.S. —, 132 S.Ct. 1309 (2012); *Lafler v. Cooper,* — U.S. —, 132 S.Ct. 1376 (2012); and, *Missouri v. Frye*, — U.S. —, 132 S.Ct. 1399 (2012).

petition.

"[A] prisoner's application is not second or successive simply because it follows an earlier federal petition." *In re: Cain*, 137 F.3d 234, 235 (5th Cir.1998).  The Fifth Circuit has long held that "a later petition is successive when it: (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *Id.; see also Crone v. Cockrell,* 324 F.3d 833.  As shown above, petitioner's ineffective assistance of trial counsel claim was raised in his first petition for *habeas corpus* and it was dismissed with prejudice on the merits. Therefore, this petition is successive.

Petitioner has not yet received permission from the Court of Appeals to file this successive petition in the District Court as required by the statute and therefore this Court lacks jurisdiction to consider his ineffective assistance of trial counsel claim.

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus*, insofar as it raises a claim of  ineffective assistance of trial counsel, be deemed second and successive and **DISMISSED** for lack of jurisdiction because petitioner did not obtain permission from the United States Fifth Circuit Court of Appeals prior to filing; and,

**IT IS FURTHER RECOMMENDED** that this petition for *habeas corpus,*  insofar as it claims ineffective assistance of post-conviction counsel, be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved

by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties  may file a memorandum setting forth arguments on whether a certificate of appealability should issue.**  See 28 U.S.C. §2253(c)(2).  **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe, Louisiana, May 21, 2014.

_____
**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**